NO. 07-01-0005-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2001

______________________________

JIMMY EUGENE HOUCHINS,

Appellant

v.

TAMMIE RACHEL HOUCHINS, 

Appellee

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 61731-D; HON. DON EMERSON, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Pending before the court is Jimmy Eugene Houchins’ “Motion to Withdraw Appeal.”  Pursuant to that document, he asks that we dismiss the appeal because dismissal would be in the best interest of his children and because his incarceration makes it difficult “for a proper appellate procedure to be maintained.”   However, he also questions, via the motion and an accompanying letter, the obligation imposed upon him by the divorce decree to pay child support during the term of his incarceration.  That we cannot dismiss the appeal pursuant to his request and also enter judgment modifying the divorce decree was made known to him by letter from this court dated April 23, 2001.  In that letter Houchins was also directed to inform the court, within ten days, of whether he desired to dismiss or pursue the appeal.  To date, Houchins has not responded to the court’s missive.

The sparse record before us indicates that judgment in this cause was signed on September 8, 2000.  And, though a clerk’s record was filed on January 5, 2001, no reporter’s record has been received.  Furthermore, nothing of record indicates that Houchins requested a copy of the reporter’s record even though he sought to proceed on appeal as a pauper.  Indeed, he even returned to this court the copy of the clerk’s record we sent him to facilitate his effort to prosecute the appeal.  

Because the record reflects that 1) no request for the court reporter to transcribe the trial court proceedings was made, 2) Houchins returned the clerk’s record, 3) he requested a dismissal of his appeal, and 4) he failed to inform us that he desired to prosecute the appeal as per our April 23
rd
 letter, it is evident he no longer cares to prosecute the appeal.   Consequently, we will dismiss the appeal per his request and deny all other relief he may have requested.  However, we will also extend the deadline within which Houchins has to move for a rehearing from 15 days after the date this order is entered, 
Tex. R. App. P
.
 49.1, to 30 days after the date this order is entered.  This will ensure that Houchins has ample time to seek relief should he disagree with our decision.

It is so ordered.

Brian Quinn 

   Justice

Do not publish.